UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ELAN PORTNOY,

            Plaintiff,

    – against –

GLEN DALPIS a/k/a RUDI PROTRUDI,
THE FUZZTONES, and
SOUNDEXCHANGE, INC.,

            Defendant.

**<u>ORDER</u>**

25-cv-07219 (ER)

<u>Ramos, D.J.</u>:

      Elan Portnoy filed the instant action on September 2, 2025 against Glen Dalpis a/k/a Rudi Protrudi, The Fuzztones, and Soundexchange, Inc. (collectively, "Defendants"), seeking compensation and redress for his contributions to a garage rock band—The Fuzztones—which he alleges have wrongfully enriched Dalpis.  Doc. 3.  Specifically, Portnoy alleges, *inter alia*, that Dalpis repeatedly breached a partnership agreement, that Dalpis and The Fuzztones have benefitted financially from recordings that featured him, and misappropriation of his name, image, likeness, and voice.  Doc. 3 ¶¶ 44–65.  On November 26, 2025, the Court so ordered the parties' protective order.  Doc. 12.  Then, on April 15, 2026 and again on April 23, 2026, Dalpis filed a motion to dismiss.  Docs. 13 and 16.  The Court set a briefing schedule for the motion on April 27, 2026.  Also on April 23, 2026, Dalpis filed a request for appointment of *pro bono* counsel.  Doc. 15.  The request is DENIED.

      Courts do not have the power to obligate attorneys to represent *pro se* litigants in civil cases.  *Mallard v. U.S. District Court for the Southern District of Iowa*, 490 U.S. 296, 310 (1989).  Instead, pursuant to 28 U.S.C. § 1915(e)(1), the Court may, in its discretion, order that the *Pro Se* Office request that an attorney represent an indigent litigant by placing the matter on a

list that is circulated to attorneys who are members of the Court's *Pro Bono* Panel. *Palacio v. City of New York*, 489 F. Supp. 2d 335, 344 (S.D.N.Y. 2007). The standards governing the appointment of counsel in *pro se* cases were set forth by the Court of Appeals in *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997), *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989), and *Hodge v. Police Officers*, 802 F.2d 58, 60-61 (2d Cir. 1986). Collectively, these cases stand for the principle that the Court must "first determine whether the indigent's position seems likely to be of substance," *Hodge*, 802 F.2d at 61, and, if this threshold requirement is met, then the Court must consider additional factors including the *pro se* litigant's "ability to handle the case without assistance," *Cooper*, 877 F.2d at 172; *accord Hendricks*, 114 F.3d at 392.

The Court is unable to conclude at this time that Dalpis' arguments are likely to have merit, although naturally that may change as the litigation progresses. Accordingly, the application for the appointment of *pro bono* counsel is DENIED without prejudice to possible renewal at a later stage in the progress of the case.

Although the Court has denied Dalpis' request for *pro bono* counsel, he may consider contacting the Federal *Pro Se* Legal Assistance Project run by the City Bar Justice Center in the Southern District of New York, which is a free legal clinic staffed by attorneys and paralegals to assist those who are representing themselves in civil lawsuits in this court. The clinic can be contacted by phone (212-382-4794) or email (fedprosdny@nycbar.org).

The Clerk of Court is respectfully directed to email a copy of this Order and Doc. 17 to rudiaction@yahoo.com, and to terminate the motion, Doc. 15.

It is SO ORDERED.

Dated:    April 27, 2026
          New York, New York

_____
          Edgardo Ramos, U.S.D.J.

2